UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

NICK A. LAI :
4606 Baltimore Ave :
Philadelphia PA 19143 :
        Plaintiff
VS.                           NO. 15-2451

RADNOR TOWNSHIP POLICE DEPT., :
WILLIAM COLARULO, ANDREW BLOCK,
MARK STAINSEN, STEVEN BANNAR, PATRICK
LACEY, AND JOSEPH MCGUIRE
301 Iven Avenue
Wayne PA 19087 :
        Defendant    *Amend-*

FILED
MAY 26 2015
MICHAEL E. KUNZ, Clerk
By_____Dep. Clerk

## COMPLAINT

Plaintiff Nick A. Lai complains against Defendants Radnor Township Police Dept., WILLIAM COLARULO, ANDREW BLOCK, MARK STAINSEN, STEVEN BANNAR, PATRICK LACEY, AND JOSEPH MCGUIRE as follow:

### Jurisdictional Allegation

Jurisdiction in this case is based on the amount of controversy. The amount controversy in exceeds the sum of seventy-five thousand dollars ($75,000), exclusive of interest and cost.

### Statement of Claims.

PARTIES:

1. Plaintiff Nick A. Lai, is adult individual and citizen of the Commonwealth of Pennsylvania, who reside at 4606 Baltimore Ave, Philadelphia PA 19143.

2. Defendants Radnor Township Police Dept., is upon information and belief, an local government agency of the Commonwealth of Pennsylvania, who location therein at 301 Iven Avenue, Wayne PA 19087, and whom, at the time of the subject incident, was the central work location for all parties operating in and under the laws of the Commonwealth of Pennsylvania.

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

3. Defendant William Colarulo, Chief, is upon information and belief, an adult individual and citizen of the State of Pennsylvania, who works therein at 301 Iven Avenue, Wayne PA 19087,

4. Defendant Andrew Block, LT, is upon information and belief, an adult individual and citizen of the State of Pennsylvania, who works therein at 301 Iven Avenue, Wayne Pa 19087.

5. Defendant Mark Stainsen, is upon information and belief, an adult individual and citizen of the State of Pennsylvania, who works therein at 301 Iven Avenue, Philadelphia PA 19133.

6. Defendant Steven Bannar, is upon information and belief, an adult individual and citizen of the State of Pennsylvania, who works therein at 201 W. Front Street, Media PA 19063.

7. Defendant Patrick Lacey, is upon information and belief, an adult individual and citizen of the State of Pennsylvania, who works therein at 301 Iven Avenue, Philadelphia PA 19133,

8. Defendant Joseph McQuire, Sgt., is upon information and belief, an adult individual and citizen of the State of Pennsylvania, who works therein at 301 Iven Avenue, Philadelphia PA 19133,

9. At all times material hereto, Defendants, Radnor Township Police Dept., was the government agency for which all Defendants and Plaintiff worked during the date and time of subject incident to be more fully described below and entrusted proper and unbiased guidance from Defendants as Plaintiff superiors.

10. At all times material hereto Defendant William Colarulo was acting individually and/or as the agent, servant, workman, employee or descendant of Defendant Radnor Township Police Dept., in a joint undertaking in furtherance of the Government Agency and/or personal affairs of Defendant Radnor Township Police Dept.

11. At all times material hereto Defendant Andrew Block was acting individually and/or as the agent, servant, workman, employee or descendant of Defendant Radnor Township Police

Dept., in a joint undertaking in furtherance of the Government Agency and/or personal affairs of Defendant Radnor Township Police Dept.

12. At all times material hereto Defendant Mark Stainsen was acting individually and/or as the agent, servant, workman, employee or descendant of Defendant Radnor Township Police Dept., in a joint undertaking in furtherance of the Government Agency and/or personal affairs of Defendant Radnor Township Police Dept.

13. At all times material hereto Defendant Steven Bannar was acting individually and/or as the agent, servant, workman, employee or descendant of Defendant Radnor Township Police Dept., in a joint undertaking in furtherance of the Government Agency and/or personal affairs of Defendant Radnor Township Police Dept.

14. At all times material hereto Defendant Patrick Lacey was acting individually and/or as the agent, servant, workman, employee or descendant of Defendant Radnor Township Police Dept., in a joint undertaking in furtherance of the Government Agency and/or personal affairs of Defendant Radnor Township Police Dept.

15. At all times material hereto Defendant Joseph McGuire was acting individually and/or as the agent, servant, workman, employee or descendant of Defendant Radnor Township Police Dept., in a joint undertaking in furtherance of the Government Agency and/or personal affairs of Defendant Radnor Township Police Dept.

FACTS:

16. On or about May 1, 2013 Plaintiff, Nick A. Lai, was hired as an Radnor Township Probationary Police Officer and Defendants Steven Bannar along with Defendant Mark Stainsen were assigned as FTO, Field Training Officers.

17. On or about May of 2013, at or about 2a.m., Plaintiff, Nick A. Lai, informed Defendant FTO Steven Bannar while on patrol with Defendant Bannar of his witness during Plaintiff routine

patrol sector 24 to racial profiling engaged by fellow officers within Plaintiffs unit, particularly Defendant Mark Stainsen.

18. On or about the aforesaid date and time, the Defendant, FTO Steven Bannar received direct entail of unethical, in human practices and acts against plaintiff moral code of racial profiling within the Radnor Township Police Dept., for which Defendant is the FTO of.

19. On or about the aforesaid date and time, the Defendant, FTO Steven Bannar was in passenger seat of patrol vehicle during the divulging of entail from Plaintiff nick A. Lai where by Defendant Bannar completely ignore the entire statement of Plaintiff Lai as if no statements were ever uttered.

20. Plaintiff Nick A. Lai, felt negativity, lack of trust and lack of support that would have otherwise been an invitation of corrective actions for leading guidance from superior officer, in particular Defendant FTO Steven Bannar. Plaintiff did not repeat statement; however let it go in fear of the unknown provoked by the silence rendered from Defendant FTO Steven Bannar.

21. Plaintiff Nick A. Lai re-entered patrol vehicle with Defendant, FTO Steven Banner one week later where by a second incident occurred involving at this point Defendant FTO Steven Bannar himself surrounding Improper handling of call service for locked vehicle. Defendant FTO Steven Bannar despite being informed by Plaintiff of the numerous pill bottles without labels of prescribed individual throughout the service call vehicle visible through the window was let go without arrest, pills confiscated however no property receipt written up and or turned in.

22. Plaintiff Nick A. Lai expressed to Defendant FTO his concerns surrounding the outcome of improper handling of narcotics and lack of arrest for the incident whereby individual was Caucasian and yet again Defendant FTO Steven Bannar totally ignored and disregarded

statement and its entirety. This were one of four incidents Defendant ignored and disregarded Plaintiff outreach for assistance in regards to proper protocol and guidance on the subject incident.

23. Defendant FTO Steven Banner arrested African American male from USA Magazine Company without question for failing to provide solicitation permit to sale magazines within the county lines; at Blackstone Avenue nearby Lancaster Ave.

24. Defendant FTO Mark Stainsen arrested African American male from USA Magazine Company without question for failing to provide solicitation permit to sale magazines within the county lines on a total different occasion than FTO Defendant Steven Bannar. Incident near or about the same area of Lancaster Ave.

25. Defendant FTO Steven Bannar had Plaintiff Nick A. Lai drive to an unknown location in Havertown outside of township and ignored refusing to answer questions raised by Plaintiff Nick A. Lai as to the reasoning being in Havertown within Radnor Township patrol car. Defendant FTO Steven Bannar got out of the vehicle and back in at the Havertown location in the late hours of the night without saying a word.

26. Defendants FTO Steven Bannar and Defendant FTO Mark Stainsen, both made statement "If you don't like it here can you go back where you came from" during two separate conversations, isolation of one another in the computer room nearby roll call office.

27. Defendant LT Andrew Block called Plaintiff Nick A. Lai into his office abruptly by raising his voice in an inappropriate manner gaining the attention of all present, and gesturing with his index finger after being informed by Defendant, Patrick Lacey of Plaintiff, Nick A. Lai request for community relations officer.

28. Defendant Patrick Lacey, during role call outwardly and publicly belittle and embarrass Plaintiff; Nick A. Lai after Plaintiff Nick A. Lai inquired as to whether there was a Community Relations Officer within the Radnor Township police department.

29. The Plaintiff Nick A. Lai was, at the time of the occurring incidents preparing to be a successful Radnor Township Police Officer by way of completing his probationary period in his efforts to match his 18.5 years of service for the Philadelphia Police Department.

30. Plaintiff Nick A. Lai unfortunately witnessed unbecoming behaviors, acts and reaction of Defendants for which Plaintiff Nick A. Lai is not accustomed to for the fact it goes against not only his moral and ethical code of conduct but the conduct becoming of an police officer.

31. Plaintiff Nick A. Lai informed his superior officer and FTO Defendants Steven Bannar and Defendant Mark Stainsen of incidents and inappropriate acts of but not limited to racial profiling he was aware of in following what Plaintiff thought were proper protocol. Instead of receiving assistance and guidance Plaintiff was harassed, treated unfairly, unjust, discriminated against, civil rights violated and simply broken to the point of being forced to resign under constructive discharge due to Defendants making it impossible for Plaintiff to complete his task at hand as an officer.

32. At said time and place, As Plaintiff Nick A. Lai, reported fellow officers and Defendants. Defendant Joseph McGuire began ignoring Plaintiff during roll call. Plaintiff Nick A. Lai were passed over and around eliminating Plaintiff from access to overtime which were presented in form of yellow sheet being passed from officer to officer with the exception of Plaintiff. Plaintiff was forced to drive patrol sector nonstop of 12hours. During evaluations and community corridors check Plaintiff superiors, Defendants never emerge out of patrol vehicle to assist and or monitor only Plaintiff Nick A. Lai. Plaintiff Nick A. Lai in the need to speak with superior officers Defendants, Plaintiff would have to engage conversation in a

home visit due to superiors Defendants being slept at home. Plaintiff Nick A. Lai, work environment became completely hostile, instantly began to receive bad performance reports, reflecting false statements, and unbearable reflecting retaliation for Plaintiff making statement to superior officer, Defendants.

33. As a result of following what Plaintiff presumed were protocol by informing superior officer FTO Defendant Steven Bannar, thereby causing the Plaintiff to suffer serious and personal mental stress from retaliation as herein above described.

34. At all times material hereto, the Plaintiff Nick A. Lai was certified by the Civil Service Commissioner of Delaware County with a score of 86.7 and received 18 years of positive and good evaluation performances with no disciplinary actions from the Philadelphia Police Department.

35. The above-described forced resign Constructive Discharged resulted solely and wholly from the negligence, acts, violation of ethics code and conduct unbecoming of an officer, violation of civil rights, discrimination and carelessness of the Defendants, as afore-described and as set forth below, and was due in no manner whatsoever to any act or failure to act on the part of the Plaintiff, Nick A. Lai.

36. On or about April 2014 during mediation conference FTO Defendant William Colarulo threaten Attorney Alexis suggesting that Plaintiff drop EEOC complaint, if not Defendant planned to utilize internal affair file.

37. Solely as a result of the Defendants' discrimination, civil rights violation, negligence, acts engaged as set forth herein, Plaintiff, Nick A. Lai, was forced to resign under constructive discharge from the creation of defendants hostile work environment and retaliation acts making the work place totally unbearable for any reasonable person to work.

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

38. Solely as a result of Defendants' discrimination, violation of civil rights, negligence, and violation of ethical code of conduct unbecoming of an officer as set forth herein. Plaintiff Nick A. Lai, has sustained serious injuries which includes, mental stress, disruption of living arrangement of how Plaintiff makes his living to provide for himself and his family. Set injuries have cause permanent losses and have or will affect his ability to make a successful living and or ability to hold employment of the magnitude for which he desires with negative connotations of falsified work performances in Plaintiffs jacket as well as cease any future opportunities to work for the Township Police Department.

39. Plaintiff, Nick A. Lai, hereby incorporates by reference Paragraphs 1 through 39 above, as though same were more fully set forth herein at length.

### Demand for Relief

WHEREFORE, the Plaintiff Nick A. Lai, requests Judgment in his favor and against Defendants, Radnor township Police Dept., William Colarulo, Andrew Block, Mark Stainsen, Steven Bannar, Patrick Lacey, Joseph McGuire, individually, jointly and severally individually for a sum in excess of $600,000, plus interest, costs and delayed damages and such other and further relief as the Court deems equitable and just.

Jury Demand

Plaintiff demands a jury trial.

Dated this 11th day of May, 2015

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
KYMMBERLI M STOWE, NOTARY PUBLIC
CITY OF PHILADELPHIA, PHILADELPHIA COUNTY
MY COMMISSION EXPIRES JANUARY 20, 2016

Plaintiff Nick A. Lai

Commonwealth of Pennsylvania County of Philadelphia
Subscribed and sworn to before me on this 11 day of May
20 15 by Nick A. Lai

Notary Public

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## VERIFICATION

Nick A. Lai, states that he is a Plaintiff herein and verifies that the within facts are true and correct to the best of his knowledge, information and belief.

This Verification is made pursuant to the provisions and penalties of 18 Purdons Pennsylvania Consolidated Statues Annotated, Section 4904, relating to the falsification of unsworn statements to authorities.

_____
Plaintiff, Nick A. Lai,

Dated this 11th day of May 2015

Commonwealth of Pennsylvania County of Philadelphia : ss
On this the 11th day of May, 2015, before me a notary public, the undersigned officer, personally appeared Nick A. Lai, known to me (or satisfactorily proven) to be the person whose name is subscribed to the within instrument, and acknowledged that he executed the same for the purposes therein contained.
In witness whereof, I hereunto set my hand and official seal.

_____
Kymmberli M. Stowe, Notary Public

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
KYMMBERLI M STOWE, NOTARY PUBLIC
CITY OF PHILADELPHIA, PHILADELPHIA COUNTY
MY COMMISSION EXPIRES JANUARY 20, 2016