UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

+

| | |
|---|---|
| NICK A. LAI | : |
| 4606 Baltimore Ave | : |
| Philadelphia PA 19143 | : |
| Plaintiff | |
| VS. | NO. 15-2451 |
| RADNOR TOWNSHIP POLICE DEPT., | : |
| WILLIAM COLARULO, ANDREW BLOCK, | |
| MARK STIANSEN, STEVEN BANNAR, PATRICK | |
| LACEY, AND JOSEPH MAGUIRE | |
| 301 Iven Avenue | |
| Wayne PA 19087 | : |
| Defendant | |

## THIRD AMENDED COMPLAINT

Plaintiff Nick A. Lai complains against Defendants Radnor Township Police Dept., WILLIAM COLARULO, ANDREW BLOCK, MARK STIANSEN, STEVEN BANNAR, PATRICK LACEY, AND JOSEPH MAGUIRE as follow:

### Jurisdictional Allegation

Jurisdiction in this case is based on the amount of controversy. The amount controversy in exceeds the sum of seventy-five thousand dollars ($75,000), exclusive of interest and cost.

### Statement of Claims.

PARTIES:

1. Plaintiff Nick A. Lai, is adult individual and citizen of the Commonwealth of Pennsylvania, who reside at 4606 Baltimore Ave, Philadelphia PA 19143.

2. Defendants Radnor Township Police Dept., is upon information and belief, an local government agency of the Commonwealth of Pennsylvania, who location therein at 301 Iven Avenue, Wayne PA 19087, and whom, at the time of the subject incident, was the central work location for all parties operating in and under the laws of the Commonwealth of Pennsylvania.

3. Defendant William Colarulo, Chief, is upon information and belief, an adult individual and citizen of the State of Pennsylvania, who works therein at 301 Iven Avenue, Wayne PA 19087,

4. Defendant Andrew Block, LT, is upon information and belief, an adult individual and citizen of the State of Pennsylvania, who works therein at 301 Iven Avenue, Wayne Pa 19087.

5. Defendant Mark Stiansen, is upon information and belief, an adult individual and citizen of the State of Pennsylvania, who works therein at 301 Iven Avenue, Philadelphia PA 19133.

6. Defendant Steven Bannar, is upon information and belief, an adult individual and citizen of the State of Pennsylvania, who works therein at 201 W. Front Street, Media PA 19063.

7. Defendant Patrick Lacey, is upon information and belief, an adult individual and citizen of the State of Pennsylvania, who works therein at 301 Iven Avenue, Philadelphia PA 19133,

8. Defendant Joseph Maguire, Sgt., is upon information and belief, an adult individual and citizen of the State of Pennsylvania, who works therein at 301 Iven Avenue, Philadelphia PA 19133,

9. At all times material hereto, Defendants, Radnor Township Police Dept., was the government agency for which all Defendants and Plaintiff worked during the date and time of subject incident to be more fully described below and entrusted proper and unbiased guidance from Defendants as Plaintiff superiors.

10. At all times material hereto Defendant William Colarulo was acting individually and/or as the agent, servant, workman, employee or descendant of Defendant Radnor Township Police Dept., in a joint undertaking in furtherance of the Government Agency and/or personal affairs of Defendant Radnor Township Police Dept.

11. At all times material hereto Defendant Andrew Block was acting individually and/or as the agent, servant, workman, employee or descendant of Defendant Radnor Township Police

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

Dept., in a joint undertaking in furtherance of the Government Agency and/or personal affairs of Defendant Radnor Township Police Dept.

12. At all times material hereto Defendant Mark Stiansen was acting individually and/or as the agent, servant, workman, employee or descendant of Defendant Radnor Township Police Dept., in a joint undertaking in furtherance of the Government Agency and/or personal affairs of Defendant Radnor Township Police Dept.

13. At all times material hereto Defendant Steven Bannar was acting individually and/or as the agent, servant, workman, employee or descendant of Defendant Radnor Township Police Dept., in a joint undertaking in furtherance of the Government Agency and/or personal affairs of Defendant Radnor Township Police Dept.

14. At all times material hereto Defendant Patrick Lacey was acting individually and/or as the agent, servant, workman, employee or descendant of Defendant Radnor Township Police Dept., in a joint undertaking in furtherance of the Government Agency and/or personal affairs of Defendant Radnor Township Police Dept.

15. At all times material hereto Defendant Joseph Maguire was acting individually and/or as the agent, servant, workman, employee or descendant of Defendant Radnor Township Police Dept., in a joint undertaking in furtherance of the Government Agency and/or personal affairs of Defendant Radnor Township Police Dept.

FACTS:

16. Per the Civil Rights Acts of 1964 legislation in the United States Outlaw discrimination based on Race, Color, relgion, sex, or national origin. Plaintiff Nick A. Lai is of Asian Descendant which is a protected class of 1964 Civil Rights Act.

17. On or about May 1, 2013 Plaintiff, Nick A. Lai, was hired as an Radnor Township Probationary Police Officer and Defendants Steven Bannar along with Defendant Mark Stiansen were assigned as FTO, Field Training Officers.

18. On or about May of 2013, at or about 2a.m., Plaintiff, Nick A. Lai, informed Defendant FTO Steven Bannar while on patrol with Defendant Bannar of his witness during Plaintiff routine patrol sector 24 to racial profiling engaged by fellow officers within Plaintiffs unit, particularly Defendant Mark Stiansen.

19. On or about the aforesaid date and time, the Defendant, FTO Steven Bannar received direct entail of unethical, in human practices and acts against plaintiff moral code of racial profiling within the Radnor Township Police Dept., for which Defendant is the FTO of.

20. On or about the aforesaid date and time, the Defendant, FTO Steven Bannar was in passenger seat of patrol vehicle during the divulging of entail from Plaintiff nick A. Lai where by Defendant Bannar completely ignore the entire statement of Plaintiff Lai as if no statements were ever uttered.

21. Plaintiff Nick A. Lai, felt negativity, lack of trust and lack of support that would have otherwise been an invitation of corrective actions for leading guidance from superior officer, in particular Defendant FTO Steven Bannar. Plaintiff did not repeat statement; however let it go in fear of the unknown provoked by the silence rendered from Defendant FTO Steven Bannar.

22. Plaintiff Nick A. Lai re-entered patrol vehicle with Defendant, FTO Steven Banner one week later where by a second incident occurred involving at this point Defendant FTO Steven Bannar himself surrounding Improper handling of call service for locked vehicle. Defendant FTO Steven Bannar despite being informed by Plaintiff of the numerous pill bottles without labels of prescribed individual throughout the service call vehicle visible through the window

was let go without arrest, pills confiscated however no property receipt written up and or turned in.

23. Plaintiff Nick A. Lai expressed to Defendant FTO his concerns surrounding the outcome of improper handling of narcotics and lack of arrest for the incident whereby individual was Caucasian and yet again Defendant FTO Steven Bannar totally ignored and disregarded statement and its entirety. This were one of fou incidents Defendant ignored and disregarded Plaintiff outreach for assistance in regards to proper protocol and guidance on the subject incident.

24. Defendant FTO Steven Banner arrested African American male from USA Magazine Company without question for failing to provide solicitation permit to sale magazines within the county lines; at Blackstone Avenue nearby Lancaster Ave.

25. Defendant FTO Mark Stiansen arrested African American male from USA Magazine Company without question for failing to provide solicitation permit to sale magazines within the county lines on a total different occasion than FTO Defendant Steven Bannar. Incident near or about the same area of Lancaster Ave.

26. Defendant FTO Steven Bannar had Plaintiff Nick A. Lai drive to an unknown location in Havertown outside of township and ignored refusing to answer questions raised by Plaintiff Nick A. Lai as to the reasoning being in Havertown within Radnor Township patrol car. Defendant FTO Steven Bannar got out of the vehicle and back in at the Havertown location in the late hours of the night without saying a word.

27. Defendants FTO Steven Bannar and Defendant FTO Mark Stiansen, both made statement "If you don't like it here can you go back where you came from" during two separate conversations, isolation of one another in the computer room nearby roll call office.

28. Defendant LT Andrew Block called Plaintiff Nick A. Lai into his office abruptly by raising his voice in an inappropriate manner gaining the attention of all present, and gesturing with his index finger after being informed by Defendant, Patrick Lacey of Plaintiff, Nick A. Lai request for community relations officer.

29. Defendant Patrick Lacey, during role call outwardly and publicly belittle and embarrass Plaintiff; Nick A. Lai after Plaintiff Nick A. Lai inquired as to whether there was a Community Relations Officer within the Radnor Township police department.

30. The Plaintiff Nick A. Lai was, at the time of the occurring incidents preparing to be a successful Radnor Township Police Officer by way of completing his probationary period in his efforts to match his 18.5 years of service for the Philadelphia Police Department.

31. Plaintiff Nick A. Lai unfortunately witnessed unbecoming behaviors, acts and reaction of Defendants for which Plaintiff Nick A. Lai is not accustomed to for the fact it goes against not only his moral and ethical code of conduct but the conduct becoming of an police officer.

32. Plaintiff Nick A. Lai informed his superior officer and FTO Defendants Steven Bannar and Defendant Mark Stiansen of incidents and inappropriate acts of but not limited to racial profiling he was aware of in following what Plaintiff thought were proper protocol. Instead of receiving assistance and guidance Plaintiff was harassed, treated unfairly, unjust, discriminated against, civil rights violated and simply broken to the point of being forced to resign under constructive discharge due to Defendants making it impossible for Plaintiff to complete his task at hand as an officer.

33. At said time and place, As Plaintiff Nick A. Lai, reported fellow officers and Defendants. Defendant Joseph Maguire began ignoring Plaintiff during roll call. Plaintiff Nick A. Lai were passed over and around eliminating Plaintiff from access to overtime which were presented in form of yellow sheet being passed from officer to officer with the exception of Plaintiff.

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

Plaintiff was forced to drive patrol sector nonstop of 12hours. During evaluations and community corridors check Plaintiff superiors, Defendants never emerge out of patrol vehicle to assist and or monitor only Plaintiff Nick A. Lai. Plaintiff Nick A. Lai in the need to speak with superior officers Defendants, Plaintiff would have to engage conversation in a home visit due to superiors Defendants being slept at home.  Plaintiff Nick A. Lai, work environment became completely hostile, instantly began to receive bad performance reports, reflecting false statements, and unbearable reflecting retaliation for Plaintiff making statement to superior officer, Defendants.

34. As a result of following what Plaintiff presumed were protocol by informing superior officer FTO Defendant Steven Bannar, thereby causing the Plaintiff to suffer serious and personal mental stress from retaliation as herein above described.

35. At all times material hereto, the Plaintiff Nick A. Lai was certified by the Civil Service Commissioner of Delaware County with a score of 86.7 and received 18 years of positive and good evaluation performances with no disciplinary actions from the Philadelphia Police Department.

36. The above-described forced resign Constructive Discharged resulted solely and wholly from the negligence, acts, violation of ethics code and conduct unbecoming of an officer, violation of civil rights, discrimination and carelessness of the Defendants, as afore-described and as set forth below, and was due in no manner whatsoever to any act or failure to act on the part of the Plaintiff, Nick A. Lai.

37. On or about April 2014 during mediation conference FTO Defendant William Colarulo threaten Attorney Alexis suggesting that Plaintiff drop EEOC complaint, if not Defendant planned to utilize internal affair file.

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

38. Solely as a result of the Defendants' discrimination, civil rights violation, negligence, acts engaged as set forth herein, Plaintiff, Nick A. Lai, was forced to resign under constructive discharge from the creation of defendants hostile work environment and retaliation acts making the work place totally unbearable for any reasonable person to work.

39. Solely as a result of Defendants' discrimination, violation of civil rights, negligence, and violation of ethical code of conduct unbecoming of an officer as set forth herein. Plaintiff Nick A. Lai, has sustained serious injuries which includes, mental stress, disruption of living arrangement of how Plaintiff makes his living to provide for himself and his family. Set injuries have cause permanent losses and have or will affect his ability to make a successful living and or ability to hold employment of the magnitude for which he desires with negative connotations of falsified work performances in Plaintiffs jacket as well as cease any future opportunities to work for the Township Police Department.

CLAIMS:

40. Count I: Discrimination Claim Under Title VII. (based on race and national origin 1964 Civil Rights Act.)

   a. "Title VII has made it an 'unlawful employment practice for an employer.... to discriminate against any individual .... Because of such individual's race, color, religion, sex or national origin." 42 U.S.C. § 2000e-2(a)(1). Nick A. Lai has encountered a number of incidents and actions against him from Defendants Radnor Township Police Department, William Colarulo, Andrew Block, Mark Stiansen, Steve Bannar, Patrick Lacey and Joseph McGuire.

   b. (1) A member of a protected class: Plaintiff Nick A. Lai is of Asian Descendant which is a protected class of 1964 Civil Rights Act. Per the Civil Rights Acts of 1964 legislation in the United States Outlaw discrimination based on Race, Color, religion,

sex, or national origin; (2) Qualified for the position he sought to attain or retain: Nick A. Lai was more than qualified for the position he was being trained for. Nick A. Lai was an highly experience Philadelphia Police Officer for 17years with exceptional accolades prior to being hired by Radnor Township Police Department. Of 46 individuals whom completed civil service exams Nick A. Lai ranked #6 by the end of eliminations was number #2. In addition the Radnor Township Police department HR felt his experience qualified him for which is why the position was rendered to him to become a training officer within their office(3) suffered an adverse employment action: Plaintiff Nick A. Lai were unable to focus and trust what directions and guidance was provided to him through training officers were legit and on the up and up, Plaintiff became stressed to the point his family became effected and began questioning their safety and Nick A. Lai Physical & Mental state of mind, forcing him to resign from his position in fear being fired was soon to come and would definitely be more of a hindrance for him and his family; (4) The action occurred under circumstances that could rise to an inference of intentional discrimination: all the actions encountered by Nick A. Lai referring to him and his culture deems as intentional discrimination whether being used in a reflective joking manner or not. *Sarullo v. U.S. Postal Serv.*, 352 F.3d 789, 797 (3d Cir. 2003); see also *McDonnell Douglas Corp. v. Green*, 411 U.S.792, 802 (1973). The central focus of the *prima facie* case is always whether the employer is treating some people less favorably than others because of their membership in a protected class. *Sarullo*,352 F.3d at 798

i. <u>Incident#3</u> Officer Steve Banner made Nick A. Lai drive to another township late at night in haverford township unknown location. Officer Banner ran inside the house unknown what he was doing but his oral displayed of being nervous while Nick A. Lai were to await in patrol vehicle. Officer Bannar returned to the patrol car and instructed Nick A. Lai "let's go". Nick A. Lai inquired with officer Bannar what are we doing in Haverford township late at night, no answer and or reply.

ii. <u>Incident#4</u> Officer Bannar never get out his patrol vehicle to check store front after the hours during shift without properly reviewing during a training session which should have taken place. Nick A. Lai was instructed by Officer Banner to do himself in order to complete the program. (Radnor township police needs more training especially in the evening due to heighten security issues whereby more fatalities may occur jeopardizing an officers life. Officer Bannar needs more hands on trainings in addition to lodging a full department internal affairs investigation. Officer Bannar actions towards and around Nick A. Lai reflects those actions of an unethical police Ofiicer.

iii. <u>Incident#6</u> Officer Bannar created false document performance report to Radnor Police department on Nick A. Lai. In addition, officer Bannar provided Nick A. Lai with call sign 7621 instead of 7624 to respond to burglary alarm in Caprini university in the

opinion of Nick A. Lai as a set me up, to look look less professional over the radio by confusing radio dispatchers through communication. Officer Bannar displays racism in his actions to and towards Nick A. Lai by way of writing a falsified performance report reflecting of unprofessionalism to say the least and hinder Nick A. Lai to leave the department.

  iv. Officer Banner training techniques falls short and fails to provide proper unbiased training suitable for the position. All personal business of Officer Banner is conducted while on shift in the evenings.

  v. Defendant officer Steven Banner engaged in Racial discrimination against Nick A. Lai as he has in *Dennis King v. Police Officer Steven Banner and Sergeant John Hamill.United States Magistrate judge.4Mar.2010*, King and Kareem Morgan v. Ridley Township. United States District Court.17Dec.2008 whereby Plaintiffs specifically alleges that the officers said repeatedly "[W]e don't like niggers sleeping in a car in [our] county. Excessive force used by Officer Banner. Both Plaintiffs are African American and are too members of a protected class. As you see Officer Banner is no stranger to discrimination amongst protected class engaging in ether physical and or verbal abuse.

41. Count II: Hostile work environment under title VII

  a. (1) the employee suffered intentional discrimination because of membership in a protected class: Plaintiff Nick A. Lai is of Asian Descendant which is a protected class of 1964 Civil Rights Act. Per the Civil Rights Acts of 1964 legislation in the United States Outlaw discrimination based on Race, Color, religion, sex, or national origin;

(2) The discrimination was pervasion and regular: Plaintiff was constantly yelled at, belittle in front of fellow officers, passed over for overtime, made fun of for his speech, made fun of for the jobs women in his culture engage in, made fun of his culture through what was supposed to be jokes; Defendants distance themselves from Nick A. Lai in the work field, The Defendants would talk, laugh, and constantly point in his direction, (3) The discrimination detrimentally affected the plaintiff : Plaintiff Nick A. Lai were unable to focus and trust what directions and guidance was provided to him through training officers were legit and on the up and up; (4) The discrimination would detrimentally affect a reasonably person of the protected class in that position: all the actions encountered by Nick A. Lai would most definitely affect a reasonable person of the protected class in that position without a doubt and ; (5) the existence of respondent superior liability Nick A. Lai is of Asian descent and defendants are not within a protected class which this infliction has created an hostile work environment for Nick A. Lai. More so these behaviors and actions bestowed upon Nick A. Lai has established grounds for emotional distress. Further more Nick A. Lai could not properly function at work without feeling he was being attacked, caused Nick A. Lai to loose sleep, began to watch over his shoulder, be more watchful over his children and those that come in contact with them. Bundy v.Jackson 205 U.S App, D.C.444,641F.2d 934(1981) Hostile work environment.

42. Count III: Unfair Labor Practices under the National labor elations act of 1935 (49 Stat.449) 29 U.S.C § 151-169

43. Count IV: Retaliation based on race and national origin under Title VII of Civil Rights Act ("Title VII"). Under Title VII, "[i]t shall be an unlawful employment practice for an employer to discriminate against any of his employees..... because he has opposed any practice made

an unlawful employment practice by this title, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this title." 42 U.S.C. § 2000e-3(a)(emphasis added). (1) he engaged in a protected activity: took an oath to protect and serve and upon reporting actions of superior officer and others engaging in unlawful acts and unethical acts for which he were opposed he was treated in such a manner unbefitting of an officer. In reporting what he thought was a confidential report to his superior officer became an openly statement to all. (2) An employer took an adverse action against him: After doing what Nick A. Lai thought was the corrective action plan of informing his superior officer in confidence he became the target and falsified performance reports were created …, investigations of his actions began …..Plaintiff informed superior of wrongfully incidents witnessed in the work field under the expectations of confidentiality identifying him as a whistleblower. However colleagues became aware of Nick A. Lai identifying defendants and their wrongful acts placing Nick A. Lai in an compromising position. What Nick A. Lai felt was the right thing to do as an officer in bringing any and all concerns he witness and or made a part to his superior officer went from an confidential state to an inter-office awareness. From that moment forward Nick A. Lai work environment forever changed. Nick A. Lai would not be talked down to, yelled at, made to feel inferior of, made to feel like and treated like an outsider as if he broke that code of confidence bestowed within all officers on the force (3) there is a casual connection between his participation in the protected activity and the adverse employment action. *Moore v. City of Phila.*, 461 F.3d 331, 340-341 (3d Cir. 2006): Directly after informing his superior officer of actions witness name calling, being left out of meetings, not being properly informed of certain forms to

be completed, proper calls over the radio communicated incorrectly directly from training officer, sending Nick A. Lai to complete night checks without the actual proper procedures…..

44. Plaintiff, Nick A. Lai, hereby incorporates by reference Paragraphs 1 through 43 above, as though same were more fully set forth herein at length.

### Demand for Relief

WHEREFORE, the Plaintiff Nick A. Lai, requests Judgment in his favor and against Defendants, Radnor township Police Dept., William Colarulo, Andrew Block, Mark Stiansen, Steven Bannar, Patrick Lacey, Joseph Maguire, individually, jointly and severally individually for a sum in excess of $600,000, plus interest, costs and delayed damages and such other and further relief as the Court deems equitable and just.

Jury Demand

Plaintiff demands a jury trial.

Dated this 5th day of October, 2015

Plaintiff Nick A. Lai

Commonwealth of Pennsylvania County of Philadelphia ss
On this, the 7th day of October, 20 15, before me a notary public, the undersigned officer, personally appeared Nick A. Lai (or satisfactorily proven) to be the person whose name is subscribed to the within instrument, and acknowledged that he executed the same for the purposes therein contained.

In witness whereof, I hereunto set my hand and official seal.

Kymmberli

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
KYMMBERLI M STOWE, NOTARY PUBLIC
CITY OF PHILADELPHIA, PHILADELPHIA COUNTY
MY COMMISSION EXPIRES JANUARY 20, 2016

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## VERIFICATION

Nick A. Lai, states that he is a Plaintiff herein and verifies that the within facts are true and correct to the best of his knowledge, information and belief.

This Verification is made pursuant to the provisions and penalties of 18 Purdons Pennsylvania Consolidated Statues Annotated, Section 4904, relating to the falsification of unsworn statements to authorities.

_____
Plaintiff, Nick A. Lai,

**COMMONWEALTH OF PENNSYLVANIA**
NOTARIAL SEAL
KYMMBERLI M STOWE, NOTARY PUBLIC
CITY OF PHILADELPHIA, PHILADELPHIA COUNTY
MY COMMISSION EXPIRES JANUARY 20, 2016

Dated this 5th day of October 2015

Commonwealth of Pennsylvania County of Philadelphia ss.
On this, the 7th day of October, 2015, before me a notary public, the undersigned officer, personally appeared Nick A. Lai, known to me (or satisfactorily proven) to be the person whose name is subscribed to the within instrument, and acknowledged that he executed the same for the purposes therein contained.
In witness whereof, I hereunto set my hand and official seal.
_____
Kymmberli M. Stowe, Notary Public

Actionable references:

When I started my new career in Radnor after 17 years experience in Philadelphia it was devastated and nightmares. American dream for my family and especially my children for schooling was a bad dream. In August 2011, I have an opportunity to take an civil service exam roughly 46 people it was an challenged and I was ranked #6 and finally process of eliminations I was ranked #2 and got hired by Radnor township, Delaware County pa. Seven new hired officers including myself were in the classroom going through the department policy for a week. Officer Patrick Lacey was appointed as an instructor's. Lacey was ignorance started from the beginnings. Lacy was arrogance and ignorant, he was louds to me and not have enough sense or value especially dealing with nonwhite in the Radnor police dept. Officer Lacey was not a good trainings officer at all. For many years in Philadelphia police, I have been trained many police officers who are now supervisors in Philadelphia police dept and never seen any training officer like officer Lacey who is extremely ignorant and racist. Officer Lacey reported to lieutenant block after I asked about community officer in Radnor police department and the same day lieutenant block walked in my classroom pointing his index finger and told me to come to his office in front of 7 officers . lieutenant stood in front of me in the office and being ignorance by getting loud and saying" do you have problems in Radnor police dept, to answers your questions this is not Philadelphia police department" then he asked me to leave the office in a ruined way. I took it as discipline by asking questions. Lieutenant block scheduling all officers in field trainings with 4 difference officers including Officer ,Steven Bannar, Officer Mark stianson, sgt. Joseph Maguire, lieutenant Block, and Chief William Calorulu.

Officer Steven Bannar was ruined , arrogance, quiet , and unethical. Throughout the trainings, officer Bannar was sleeping most of the times in passenger side , again officer Bannar was my field training officer "FTO" in Radnor Police Dept. I seen so many negative impact in small township police officers they do whatever they want because supervisors were all together as a group members, I felt left out because they associate with my at all. Steven Bannar, incident #1 At wawa early morning assist a driver in a white vehicle white male late 20 ' s who left a car key inside. While assist the driver, I saw a clear prescription bottle sitting on the front passenger seat, I have indicated to Officer Banner and recovered a bottle with sort of pills. Officer Bannar immediately open question by asking what is wrong with this, and I told Bannar no label no patient name and too many different pills in the bottle is consider narcotics investigation. Narcotics were recovered by Bannar but no paper work written up or lab testing. ....no paper work or incident report Incident #2 Conestoga and Haverford nearby 7-11 store. Officer Bannar and I conducted a vehicle stop for possibly drugs buy. Officer Bannar took roughly 30 oz alleged mariguana from a white male late 20's. Evidence was not place on property receipt or chemical lab for testing. No paper or incident report.

Incident #3 Officer Bannar made me drive him to another township late at night to haverford township unknown location and ran inside the house unknown what he was doing but being nervous. Officer Bannar got into the patrol car and told me " let go". I told officer Bannar what are you going in Haverford township late at night, no answered. Incident#4 Officer Bannar never get out his vehicle to check store front after the hours. I

have to check it myself to order to complete the program, radnor township police needs more more training because night time that when officer kill on duty. Officer Bannar needs more trainings and department internal affairs investigation. Officer Bannar is a dirty cop.

Incident #5

Officer Bannar is to training is fail because he is a one officer and he can do his personal business at night. Bannar needs to be investigated.

Incident #6

Officer Bannar creates false documents performance report to Radnor Police department. In addition, officer Bannar give me call sign 7621 instead 7624 to respond to burglary alarm in Caprini university to set me up to look stupid on the radio by confusing radio dispatchers. Officer Bannar is a racist because he wrote a performance report was so bad that I have to leave the department.

Incident #7

800 east Lancaster ave inside Villanova university parking lot, Officer Bannar made remarks about Chinatown massage parlors after he received a personal phone call from unknown female. Officer Bannar told me that she works in massage parlor then he stated I want to go Chinatown massage parlors to get happy ending. I took it as a racists remark. This is an officer who was appointed to train me for 12 hours with unethical behavior. ..

Incident #8

Officer Bannar and I received a radio call to investigate a black male who go door to door selling magazine without permits at Blackstone ave nearby Lancaster ave. Male fits a description and I stopped the male for questioning while I was engaged an conversation with the officer Bannar told me to cuffed him right away, officer Bannar told me to put him inside the vehicle and write him a citation also transport him the district judge without giving him a warning.

Incident #9

I reported to officer Bannar about mark stianson stopped a black male late at night was not justified at Robert road. Officer ignored me. No result.

Mark Stiansen

Incident #1
Officer Stiansen lies in performances reports for his superior. 500 Highland ter where radio dispatched for disturbance calls. Mark Stiansen and I received that call. I was the first

vehicle responded to disturb called. Once I arrived on location and observed a tan mini van operated by a white female late 30'S was about to leave the parking lot. The vehicle was stopped for Investigation possibly involved in 911 call for disturbance. Officer Stiansen was unprofessional and unethical behavior by yelling at me in front of civilian by saying" let her go" the problem is back there later I found out it was sections 8 black family that cause problems. I neutralize the problem without anyone gets arrested or hurt. 5 minutes later a police officer and sgt maguire showed up and I try to explain it to the supervisor and just ignored me without saying anything. In the morning, officer Stiansen made up a performance report indicates that I failed to backup an officer which I did not get proper backup from Stiansen and supv while separate three black males were involved in the party. I wrote an incident report and advice them to shut down the party and leave without incident.

Incident#2

Officer Stiansen was inside the vehicle as training officer except sleeping in the patrol car while I patrolling my sector#4. In the area in the dark at Robert Rd I was patrolling to learn the area of Radnor Township and suddenly officer Stiansen woke up and saw a black male was walking on the side of the road. Officer Stiansen instruct me to stop him and I ask him why, he appearances and attitude start to change, he told me you are in training. I have no choice but do my job. I got off the vehicle and stianson still in the vehicle. I have engaged conversation with a young black male by asking whether he was lost, under medicine, or vehicle broke down.....Officer Stiansen fell some type of way, he got out of the vehicle and yelling at me by telling to check his identifications for warrant. I have no choice but violate this man. I was not happy at all. I wrote a report to justify what I did. But Stiansen told me to write it down that male was acting suspicion. ...that was so wrong. I worked 17 years in Philadelphia police never seen this ever, unethical behavior and lies in legal documents by getting people in troubled. Officer Stiansen needs to be investigated for civil right violation not just me but other people in general.

Incident #3

Officer Stiansen make me arrested a black male who was selling magazine without permits in the area of Lancaster ave officer Stiansen did the same thing like Officer Steven Bannar. No mercy to anyone all I know my self and nonwhite that in Radnor we can not be treated fairly by these officers, in Radnor township. I know too much what they did they have to torture me by lying in performances report either get me fired or voluntarily leave. I am nothing to them but inconvenience their personal issues. And every time inside where computer room they ask me " if you don't like it here, can you go back". I am curious that question to now. Is that mean back to Philadelphia police or ethically back where I came from, vietnam or china. Many these should allowed to ask in jury trial from everyone of them.

Incident #4

Every night they call each other on the phone and to meet in the north side of Lancaster at the parking lot and keep me in distance away from them. They were talking, laughing, and facing my direction pointing at my vehicle while I was sitting in the vehicle doing my paper work. I felt i not belong there there because i was nonwhite in the police dept. They creates an hostile environment to make it difficult to be around. At one time I asked officer Stiansen where is the supervisor and he told me that supervisor is home sleeping " you know he live in the township and he comes here in the morning report us off". And I said that not good what if we needed supervisor for anything. Officer Stiansen say" when sgt is not available we have officers that appointed acting cpl ( street supervisor). I have nothing to say anymore. This department needs to be investigated by township boards. Steven Bannar, mark Stiansen and sgt mcguire should not run radnor police department.

Chief William calorulo allowed the department to practice unethical behavior and improper practice in police work. When I was trying to tell him that Steven bannar committed unethical conduct dealing with narcotics and he pretty much shut me down but no choice to resigned.

Chief calorulo acknowledge that complaint was filed in eeoc and federal district court in 2013. In 2014 chief calorulo was in EEOC conference room with my lawyer Alexis and threatened my lawyer that he has Philadelphia internal affairs file. Chief Calorulo said it loud in the speakers" you are being investigated by Philadelphia police for racial profile by call black people an" N " word , calorulo has no business to go to my file which I was no longing employed by Radnor police dept and even thought I have an active investigation, chief calurulo should not interfere Philadelphia police investigation. I am hoping chief calorulo have a lot explanation in jury trial.

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
KYMMBERLI M STOWE, NOTARY PUBLIC
CITY OF PHILADELPHIA, PHILADELPHIA COUNTY
MY COMMISSION EXPIRES JANUARY 20, 2016